**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| TIMOTHY A. DAY, | : | **Hon. Renée Marie Bumb** |
| Petitioner, | : | Civil No. 07-3443 (RMB) |
| v. | : |  |
| CHARLES E. SAMUELS, JR., | : | **OPINION** |
| Respondent. | : |  |

**APPEARANCES**:

    TIMOTHY A. DAY, #43134-018
    F.C.I. Fort Dix
    P.O. Box 7000
    Fort Dix, New Jersey  08640
    Petitioner Pro Se

**BUMB**, District Judge:

    Timothy A. Day, a prisoner confined at the Federal Correctional Institution at Fort Dix, filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging a possible transfer from FCI Fort Dix to another federal prison facility as a violation of Rule 23(a) of the Federal Rules of Appellate Procedure.  This Court lacks jurisdiction over the Petition, pursuant to 28 U.S.C. § 2241, and will transfer the Petition to the United States Court of Appeals for the Third Circuit.  See 28 U.S.C. § 1631; Fed. R. App. P. 23(a).

## I.  BACKGROUND

Petitioner is serving a 121-month sentence filed in the United States District Court for the Middle District of Florida on January 27, 2004, after a jury found him guilty of 43 counts of mail fraud and conspiracy to commit mail fraud.  See United States v. Day, Crim. No. 03-0152 judgment (M.D. Fla. Jan. 27, 2004), cert. denied, 126 S. Ct. 432 (2005), rehearing denied, 126 S. Ct. 1125 (2006).  The Eleventh Circuit Court of Appeals affirmed the conviction on April 15, 2005.  See United States v. Day, 405 F. 3d 1293 (11th Cir. 2005).

On June 6, 2007, Petitioner filed a § 2241 petition in this Court challenging his federal sentence.  See Day v. Samuels, Civil No. 07-2644 (RMB) (D.N.J. filed June 6, 2007).  On June 27, 2007, this Court dismissed the petition for lack of jurisdiction because a motion under 28 U.S.C. § 2255 was not inadequate or ineffective to test the legality of Petitioner's detention.  On July 10, 2007, Petitioner filed a notice of appeal to the United States Court of Appeals for the Third Circuit.  On July 17, 2007, the appeal was docketed in the United States Court of Appeals for the Third Circuit as Day v. Samuels, C.A. No. 07-3063 (3d Cir. filed July 17, 2007).

Petitioner executed the § 2241 Petition presently before this Court on July 22, 2007.  The Clerk received it on July 25, 2007.  While Petitioner labeled the matter as a petition under 28

U.S.C. § 2241, he expressly seeks relief, pursuant to Fed. R. App. P. 23(a), to which he may be entitled, based on the following allegations:

> I submitted my notice of appeal [in Civil No. 07-2644 (RMB)] and it no sooner was filed and I was told I was leaving on the bus to Lewisburg to go sit in the SHU there in a penitentiary when I'm a low security inmate not a high security inmate.  I have told all the same people here at the prison I have an appeal pending on my habeas corpus petition they insist on my transfer.  Congress and the Courts made the Federal Rules of Appellate Procedure which are law and Rule 23 Custody or Release of Prisoner in a habeas Corpus Proceeding . . . .
>
> When I said I was going to refuse to pack my property and get on the bus and leave until my petition was disposed of in the appellate court, I was told by the SHU Lt. Johnson he thought I would receive an incident report. Later I was told I would get beat down by prison officials cuffed and removed by force to the prison bus.  In violation of my rights under the United States Constitution, Federal Bureau of Prison Policy, and Court as well Congressionally intended law Federal Rules of Appellate Procedure Rule 23(a).  All this in the name of Retaliation due to the fact when prison officials violate my rights I write them up, I file tort claims, also I currently have 2 civil rights actions against prison officials at Fort Dix that are in the Third Circuit Court of Appeals one on rehearing en banc another on appeal.  Both I expect favorable rulings in my favor [sic].  Prison authorities want me transferred so they can move for dismissal to the court on that very ground.  That I was transferred so its moot [sic].  The bus was cancelled this week but can and most likely will be rescheduled the next week July 26, 2007 for me to pack out and July 27, 2007 to get on the bus [sic]. Once again I must refuse which will result in

>       a violent attack, my rights violated, and
>       federal law violated unless this Court
>       accepts my petition and stops this madness.
>       I need the Court to stop the Federal Bureau
>       of Prisons Prison [sic] Authorities from
>       transferring me until my Habeas Corpus
>       Petition is completely disposed of in the
>       Courts including the Supreme Court if I so
>       choose as well with my civil actions in the
>       Third Circuit Court of Appeals are disposed
>       of as well including the Supreme Court if I
>       choose.  The Federal Bureau of Prisons has no
>       right to stop inmate litigation in the courts
>       against them anytime they choose by threats,
>       force, or transfer, as the courts have
>       allowed over the years.

(Pet. at pp. 4-5.)

## **II.  DISCUSSION**

Petitioner asserts that officials at FCI Fort Dix have indicated that they intend to shortly transfer him from FCI Fort Dix to another federal prison.  He alleges that this proposed transfer is in retaliation for his litigation, and contends that Rule 23(a) of the Federal Rules of Civil Procedure prohibits such a transfer without court authorization because his appeal of this Court's Order dismissing his petition under 28 U.S.C. § 2241 is pending before the United States Court of Appeals for the Third Circuit.  See Day v. Samuels, C.A. No. 07-3063 (3d Cir. filed July 17, 2007).  As stated above, Petitioner has labeled his pleading as a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and he seeks "relief to which he may be entitled in this proceeding."  (Pet. p. 10.)

4

A. <u>Jurisdiction</u>

Section 2241 provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless – . . . He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(c)(3).

To invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements: the status requirement that the person be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); <u>see also</u> <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, <u>Federal Habeas Corpus Practice and Procedure</u> § 8.1 (4th ed. 2001).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." <u>Coady v. Vaughn</u>, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent' to his sentence." <u>Gomori v. Arnold</u>, 533 F.2d 871, 874 (3d Cir. 1976).

In <u>Woodall v. Federal Bureau of Prisons</u>, 432 F. 3d 235, 243-44 (3d Cir. 2005), the United States Court of Appeals for the Third Circuit held that a district court has jurisdiction under § 2241 to entertain a federal prisoner's challenge to his transfer to a community corrections center ("CCC"), pursuant to a federal regulation.  In holding that habeas jurisdiction exists over this aspect of the execution of the sentence, the Court of Appeals distinguished transfer to a CCC from a garden variety transfer to another prison:

> Carrying out a sentence through detention in a CCC is very different from carrying out a sentence in an ordinary penal institution. More specifically, in finding that Woodall's action was properly brought under § 2241, we determine that placement in a CCC represents more than a simple transfer. Woodall's petition crosses the line beyond a challenge to, for example, a garden variety prison transfer.
>
> The criteria for determining CCC placement are instrumental in determining how a sentence will be "executed." CCCs and similar facilities, unlike other forms of incarceration, are part of the phase of the corrections process focused on reintegrating an inmate into society. The relevant statute specifically provides that a prisoner should be placed in a CCC or similar institution at the end of a prison sentence to "afford the prisoner a reasonable opportunity to adjust to and prepare for ... re-entry into the community." 18 U.S.C. § 3624. CCCs thus satisfy different goals from other types of confinement. We have noted the relatively lenient policies of CCCs as compared to more traditional correctional facilities. CCC pre-release programs often include an employment component under which a prisoner may leave on a daily basis to work in the community.

> Inmates may be eligible for weekend passes, overnight passes, or furloughs. See United States v. Hillstrom, 988 F.2d 448 (3d Cir.1993); see also United States v. Latimer, 991 F.2d 1509, 1513 (9th Cir.1993) (emphasizing that community confinement is "qualitatively different" from confinement in a traditional prison).
>
> Given these considerations, and the weight of authority from other circuits . . . , we conclude that Woodall's challenge to the BOP regulations here is a proper challenge to the "execution" of his sentence, and that habeas jurisdiction lies.

Woodall, 432 F.3d at 243-244 (footnotes omitted).

Unlike Woodall, Petitioner in this case challenges a garden variety transfer from one federal prison to another. This Court finds that Petitioner's challenge is not properly brought pursuant to 28 U.S.C. § 2241. See Ganim v. Federal Bureau of Prisons, 2007 WL 1539942 (3d Cir. May 29, 2007) (holding that district court lacks jurisdiction under § 2241 to entertain prisoner's challenge to simple transfer between federal prisons).

B. Transfer to Court of Appeals

Section 1631 of Title 28 of the United States Code provides that, "[w]henever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or

noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred." 28 U.S.C. § 1631.

Under 18 U.S.C. § 3621(b), Congress gave BOP the exclusive power to designate the place of incarceration throughout the term of incarceration and to transfer the prisoner "at any time." See 18 U.S.C. § 3621(b).[1] Nonetheless, because Petitioner's appeal from this Court's Order denying habeas relief is pending before the United States Court of Appeals for the Third Circuit, Rule 23(a) of the Federal Rules of Appellate Procedure requires Petitioner's custodian to obtain authorization for the transfer from the Court of Appeals. Rule 23(a) provides:

> **Transfer of Custody Pending Review**. Pending review of a decision in a habeas corpus proceeding commenced before a court . . . of

---

[1] Section 3621(b) provides:

> (b) Place of imprisonment. The Bureau of Prisons shall designate the place of the prisoner's imprisonment. The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability established by the Bureau, whether maintained by the Federal Government or otherwise and whether within or without the judicial district in which the person was convicted, that the Bureau determines to be appropriate and suitable . . . . The Bureau may at any time, having regard for the same matters, direct the transfer of a prisoner from one penal or correctional facility to another.

18 U.S.C. § 3621(b)

>     the United States for the release of a
>     prisoner, the person having custody of the
>     prisoner must not transfer custody to another
>     unless a transfer is directed in accordance
>     with this rule.  When, upon application, a
>     custodian shows the need for a transfer, the
>     court, justice, or judge rendering the
>     decision under review may authorize the
>     transfer and substitute the successor
>     custodian as a party.

Fed. R. App. P. 23(a).[2]

This Court lacks jurisdiction over this matter under 28 U.S.C. § 2241 and, in light of Rule 23(a), finds that transfer of the matter to the United States Court of Appeals for the Third Circuit is in the interest of justice.  See 28 U.S.C. § 1631.

### III.  CONCLUSION

The Court lacks jurisdiction under 28 U.S.C. § 2241 over the matter and will transfer it to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. § 1631.


                                        s/Renée Marie Bumb
                                        **RENÉE MARIE BUMB**
                                        **United States District Judge**

Dated: July 30, 2007

---

[2] The purpose of Rule 23(a) is to prevent officials from frustrating an inmate's efforts to obtain habeas relief by physically removing him or her from the territorial jurisdiction of the court in which review of the petition is pending.  See Hairston v. Nash, 165 Fed. Appx. 233, 235 n.1 (3d Cir. 2006); Strachan v. Army Clemency and Parole Bd., 151 F. 3d 1308, 1313 (10th Cir. 1998); Ward v. United States Parole Comm'n, 804 F. 2d 64, 66 (7th Cir. 1986); Hammer v. Meachum, 691 F. 2d 958, 961 (10th Cir. 1982).